IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA R. NEZ,

        Plaintiff,

                                                      No. CIV 98-163 MV/WWD

B.H.P. WORLD MINERALS,
A DIVISION OF B.H.P. MINERALS,
A BUSINESS GROUP OF THE BROKEN HILL
PROPRIETARY COMPANY, LTD., an Australian
Corporation d/b/a SAN JUAN COAL COMPANY,
INC., a Delaware Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Objections under FRCE 72(a) to Ruling of

Magistrate of January 4,1999, filed January 15, 1999 **[Doc. No. 24]**. The Court, having considered

the pleadings, relevant law, and being otherwise fully informed, finds that the objections are well

taken and will be **granted in part**. Moreover, because the Court is ordering additional disclosures

in this case, the Court will extend the briefing schedule for Defendant's Motion for Summary

Judgment, filed February 17, 1999 [Doc. No. 28].

### Discussion

In a February 9, 1998 complaint Ms. Nez alleges that she was subjected to sexual harassment,

gender and racial discrimination, and Equal Pay Act violations while at her place of employment, the

San Juan Coal Mine, one of three mines Defendant operates in the County of San Juan, New Mexico.

Ms. Nez, a qualified electrician, claims that following an April, 1996 downsizing at the mine, she and

twelve other electricians were demoted to the position of Utility Worker, but that on an as-needed basis some of the demoted employees were given the opportunity to work as electricians and provided a temporary pay increase, a practice called "scratching up." Ms. Nez, a Navajo, alleges that despite her seniority and better qualifications she has not been allowed to scratch up, or that when she has scratched up she has not received the same pay as men who have done the job. Ms. Nez also complains of receiving unjustified disciplinary notices and of being subjected to lewd and embarrassing conduct related to her gender and race. Lastly, Ms. Nez alleges that in not extending to her the Navajo preference which is specified in a 1957 agreement under which the San Juan mine operates, Defendant has breached that agreement, to which Ms. Nez alleges being a third-party beneficiary.

In the prosecution of this action, Ms. Nez has served discovery requests; B.H.P. has objected. Ms. Nez accordingly filed a motion to compel, which the magistrate substantially denied, by ruling that Defendant's objections to requests Numbers 1, 2, 4, 5, 6, 7, 9, 11, 12, 13, 14, 17, 18, 19, and 20 were well taken. Aggrieved by this ruling, Ms. Nez appeals.

In requests 1 and 2, Ms. Nez sought "to have Defendant produce all written complaints by any employee of Defendant since January 1, 1985 to any entity... regarding sexual harassment, racial and gender discrimination and equal pay and equal employment issues on a nationwide basis." Plaintiff's Objections at 4. In the alternative, Plaintiff has limited her request to Defendant's New Mexico operations. *Id. at 5.* In request number 3, Ms. Nez sought information on scratching up at the three mines from January 1990 through the present. Defendant limited the time frame in its response from April 27, 1996, the date the reduction in force took effect, to March 28, 1998. Ms. Nez here is trying to obtain information on the disparate treatment of the electrical crews at the

mines.  In requests 4, 5, 6, 9, and 11 Ms. Nez seeks disclosure of the entire employee files for her current or former supervisors, in an effort to discern whether any have ever been disciplined for sexual harassment or racial discrimination.  Request 7 Ms. Nez refers to any reports of safety violations for an accident which occurred when she allegedly was not scratched up and non-electricians assisted in an operation that resulted in an employee's receiving a 69,000 volt shock.  In request 12 Ms. Nez seeks to discover the wealth of Defendant, alleging it is significant for her claim of punitive damages on her breach of contract and discrimination claims.  Production of the 1957 mining agreement is the aim of request 13.  Request 14 focuses on certain work schedules in order to discover any disparity in work assignments. Request 17 is for the racial and gender mix of employees for New Mexico operations, and Defendant has responded with a seniority list and affirmative action workforce analysis.  Requests 18, 19, and 20, a variation of previous requests, are where Ms. Nez attempts to discover the names of any employees who were disciplined or terminated for sexual harassment or racial discrimination.

Defendant B.H.P. Minerals responds by generally averring that the magistrate correctly rejected Ms. Nez's claims in her motion to compel, since her discovery requests were overbroad and not calculated to lead to discoverable evidence.  Defendant also argues that any further discovery would lead to hardship, and that evidence of its wealth is not discoverable under the circumstances.

Ms. Nez has not filed a reply.

## Discussion

Since magistrate discovery rulings are not dispositive, the Court will "defer to the magistrate's rulings unless [they were] clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 298 (1997), *citing Ocelot Oil Corp. v. Sparrow Indus.*,

847 F.2d 1458, 1462 (10th Cir. 1988). This standard requires affirmance unless a court is left "with

the definite and firm conviction that a mistake has been committed." *Ocelot*, 847 F.2d at 1462, *citing*

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Both parties cite to *Hickman v. Taylor*, 329 U.S. 495 (1947) in support of their respective

positions. *Hickman* does strike a balancing between broad and liberal treatment of discovery and its

ultimate and necessary boundaries. *Id.* at 507. As the Court noted, "limitations inevitably arise when

it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy,

embarrass, or oppress the person subject to the inquiry." *Id.* at 507-08. Moreover, "further

limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the

recognized domains of privilege." *Id.* at 508. The discovery rules themselves set forth additional

guidance. The rules provide that a party "may obtain discovery regarding any matter, not privileged,

which is relevant to the subject matter involved in the pending action... if the information sought

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

Courts may also limit discovery where the burdens on the party against whom discovery is sought

outweigh the discovery's likely benefit. *Id.* In this case B.H.P. has not argued that Ms. Nez's

discovery was calculated to harass or oppress. Rather, B.H.P. essentially contends that Ms. Nez's

discovery requests are overbroad and not calculated to lead to admissible evidence. With these

principles and allegations in mind, the Court turns to each request in its inquiry as to whether the

magistrate's rulings were clearly erroneous.

Requests number 1 and 2 are unquestionably overbroad. Defendants aver that Ms. Nez is an

employee of a subsidiary corporation, San Juan Coal Company, Inc. Ms. Nez has not refuted that

allegation and has stated that the acts complained of occurred primarily at the San Juan Coal Mine.

Moreover, the time frame for which she has sought discovery extends significantly beyond the time frame alleged in the complaint. Thus, it was not clear error for the magistrate to refuse to compel production on a request that reached beyond geographical, corporate, and temporal relevance. However, the "testimony of other employees about their treatment by the defendant employer is relevant to the issue of the employer's discriminatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999). Thus, properly limited information about other employees' complaints is relevant to Ms. Nez's case. Defendant must disclose any employee complaints on issues of sexual harassment, discrimination, or equal pay for the San Juan Coal Mine from April, 1996 to the present.

For request number 3, Defendant states that it has produced documents for the relevant time periods. Ms. Nez avers that the time frame has only been from April 27, 1996 through March 28, 1998.[1] The time frame in question is, of course, the time from the reduction in force that occurred in April, 1996. Given Ms. Nez's allegations of harassment and discrimination that coincide with downsizing at the plant, the magistrate did not err in denying Ms. Nez's objection.

In requests numbers 4, 5, 6, 9, 11, 18, 19, and 20 Defendant objected on the grounds that the disclosure of entire personnel files would violate the privacy interests of its current or former employees, citing *Boler v. Solano County Superior Court*, 247 Cal. Rptr. 185 (Cal. Ct. App. 1985). *Boler*, however, also a sexual harassment suit, involved the unusual request on the part of the plaintiff to discover "the identities of all sexual partners who happen to be, or have been, Boler's coworkers,...

---

[1] In her pleadings, Ms. Nez referred to April 27, 1998. A conference call with counsel confirmed that this was a typographical error.

essentially ... all the women Boler has worked with and slept with." *Id.* at 189. The scope of Ms. Nez's requests is considerably narrower. Here Ms. Nez has filed harassment, discrimination, and negligent supervision claims, and evidence relating to the disciplining of her co-workers or supervisors for prior acts of harassment or discrimination would unquestionably be relevant in the context of those claims. In New Mexico, negligent supervision can occur where an employer retains an employee in a position where that employer knows or reasonably should know that the employee has engaged in misconduct. *Los Ranchitos v. Tierra Grande, Inc.*, 861 P.2d 263, 269 (N.M. Ct. App. 1993). Whether certain employees were disciplined for harassment or discrimination thus would have relevance for Ms. Nez's negligent supervision claim. Likewise, Ms. Nez seeks punitive damages for her Title VII claim. Punitive damages are available where a plaintiff proves that a defendant engaged in discriminatory practices with malice or reckless indifference to federally protected rights. 42 U.S.C. § 1981a(b)(1). The conduct and disciplining of Ms. Nez's co-workers or supervisors, were they to have engaged in harassment or discrimination, would be relevant to a Defendant's state of mind. Thus, Ms. Nez has need of that information, although as the magistrate implicitly recognized, her request is overbroad and possibly touches on privacy concerns of Defendant's employees. Balancing the discovery interests involved, *Hickman*, 329 U.S. at 507-08, the Court concludes that Defendant must disclose, with personal information such as name and address redacted, the portions of any personnel file for Ms. Nez's co-workers or supervisors since April, 1996 which show discipline based on sexual harassment or discrimination. After inspecting these records and conferring with opposing counsel, Ms. Nez may move the Court for further discovery on this issue.

The magistrate's refusal to compel discovery for request number 7 was not clearly erroneous. Ms. Nez has failed to show how the safety reports from an electrocution accident, which Defendant

avers did not occur at the San Juan mine but at the Navajo mine, are relevant to her work at the San Juan facility, particularly since Ms. Nez has not alleged in her complaint that she worked at the Navajo mine.

Ms. Nez has sought punitive damages in her complaint on both her Title VII and contract claim, and argues in request number 12 that Defendant should disclose its wealth. Defendant counters with the factual argument that Ms. Nez has not shown a basis for a claim for punitive damages. Defendant also alleges that evidence of financial worth is not discoverable until a plaintiff makes a prima facie showing of a triable issue on liability for punitive damages, citing a Colorado appellate case without mentioning that it had been partially reversed, albeit on other grounds, by the Colorado Supreme Court. *See Travelers' Insurance Company v. Savio*, 706 P.2d 1258 (Co. 1985) (en banc).

The Tenth Circuit has stated that

> a large punitive award against a large corporate defendant may not be upheld on the basis that it is only one percent of its net worth or a week's corporate profits. Yet wealth must remain relevant, because $50,000 may be awesome punishment for an impecunious individual defendant but wholly insufficient to influence the behavior of a prosperous corporation.

*Continental Trend Resources, Inc. v. OXY USA, Inc.*, 101 F.3d 634, 641 (10th Cir. 1996). Of course, the relevant wealth here is not for Defendant's nationwide corporate umbrella operations, but for San Juan Coal Company, the Delaware corporation which employs Ms. Nez. To the extent that the magistrate found Ms. Nez's request overbroad, then, there was no error. *Continental Trend*, however, requires the disclosure of financial information for San Juan Coal Company from April, 1996 to the present.

Whether Ms. Nez is a third-party beneficiary to a 1957 agreement containing a Navajo preference clause is yet to be determined. In arguing against the disclosure of the agreement Defendant has only stated without more that the agreement is in no way related to Plaintiff or her claim. Ms. Nez is entitled to determine for herself whether she wishes to continue pressing that assertion, and without a copy of the agreement is potentially hamstrung in her contract claim. Pursuant to liberal discovery rules where a party is entitled to information reasonably calculated to lead to admissible evidence, Defendant must produce of the agreement and its amendments as per Ms. Nez's request number 13.

The Court will deny Ms. Nez's motion for request number 14. There seeking certain work schedules, Ms. Nez has not countered Defendant's averment that it has already produced that information pursuant to other requests.

Lastly, the Court will deny request number 17. There Defendant has already produced an affirmative action analysis and seniority classification list, and Ms. Nez only seeks more documentation to independently determine "the numbers mix," Objections at 8, for a race and gender analysis. Ms. Nez has not brought a disparate impact claim, however, and has failed to explain the relevance of the information to her discrimination claim. The magistrate did not err.

The Court has imposed discovery and motion filing deadlines which have already run. In light of this memorandum opinion, the Court will extend both deadlines to give each party an opportunity to brief issues that may arise from additional disclosure. To date, Plaintiff has only filed a Rule 56(f) response to Defendant's motion for summary judgment. At the completion of additional discovery, however, Plaintiff must substantively address the issues raised in the motion.

THEREFORE,

IT IS HEREBY ORDERED that Plaintiff's Objections under FRCE 72(a) to Ruling of Magistrate of January 4,1999, filed January 15, 1999 **[Doc. No. 24]** be, and hereby are, **granted in part**, and that Plaintiff's requests for production numbers 3, 14, and 17 be **denied**, request numbers 1, 2, 4, 5, 6, 9, 11, 12, 18, 19, and 20 be **granted in part**, and request number 13 be **granted**.

IT IS FURTHER ORDERED that additional production of documents shall be completed no later than fifteen (15) days from the filing of this order, and that Plaintiff serve on Defendant a response brief to Defendant's Motion for Summary Judgment no later than fifteen (15) days from the completion of the additional discovery.

IT IS FURTHER ORDERED that Defendant serve a supplemental reply brief to Plaintiff's response no later than fourteen (14) days from the service of Plaintiff's response, and simultaneously file with the Clerk of the Court the response and the supplemental reply.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

March 12, 1999

Counsel for Plaintiff

Frank J. Gallegos

Counsel for Defendant

R. Thomas Dailey